**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1784
_____

RAYNU CLARK, Mother of Tyler M. Gergler;
JASON R. GERGLER, Father and Executor
of the Estate of Tyler M. Gergler,

$\hspace{6cm}$ Appellants

v.

SECRETARY OF THE UNITED STATES NAVY;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:22-cv-02586)
District Judge: Honorable Katharine S. Hayden
_____

Argued: March 13, 2024

Before: BIBAS, MONTGOMERY-REEVES, and ROTH,
*Circuit Judges*

(Filed: May 23, 2024)
_____

David P. Sheldon                    **[ARGUED]**
100 M Street SE, Suite 600
Washington, DC 20003
    *Counsel for Appellants*

Lowell V. Sturgill, Jr.            **[ARGUED]**
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION
950 Pennsylvania Avenue NW, Room 7241
Washington, DC 20530
    *Counsel for Appellees*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

Tragedy does not trump sovereign immunity. Recruit Tyler Gergler died in a car accident on his way to a Marine Corps event. His parents blame the Marines for urging him to drive even though he was ill. But because the Marine sergeant's actions were within his discretion to prepare Gergler for basic training, no waiver of sovereign immunity applies. We will thus affirm.

## I. TYLER GERGLER'S TRAGIC DEATH

Gergler wanted to be a Marine, so he joined the Marine Corps' Delayed Entry Program. This program prepares people "both physically and mentally" for basic training. App. 45. His recruiter for the program was Sergeant Mitchell Castner.

2

Near the end of Gergler's stint in the program, he had to attend a social event for recruits. But because he had fallen ill, he told Castner that he was too sick to drive. As Castner knew, Gergler lived about four hours from the recruiting station. Castner pressured him to go anyway, saying that the staff sergeant might kick him out of the program if he did not show up. Ultimately, Gergler decided to make the drive. On the way, he crashed his car and died.

After Gergler's parents exhausted their administrative claim, they sued the Marine Corps. They claimed that their son had died because Castner had negligently pressured him to drive while he was too sick to do so, a tort under New Jersey law. Because Castner's actions were within the scope of his Marine Corps employment, they argued, the Government was liable.

The Government moved to dismiss. Though the United States has waived sovereign immunity for many claims, it has not done so for government agents' discretionary acts. 28 U.S.C. § 2680(a). When Castner pressured Gergler to drive, the Government argued, he was acting as Gergler's recruiter, a discretionary function. Thus, sovereign immunity bars this suit.

The District Court agreed. It dismissed the suit on the pleadings because Castner had discretion and had been exercising that discretion. Gergler's parents now appeal. We review facial motions to dismiss de novo, accepting the pleadings' factual allegations as true. *Schuchardt v. President of the U.S.*, 839 F.3d 336, 344 (3d Cir. 2016).

## II. Sovereign Immunity Bars This Suit Because Sergeant Castner Acted Within His Discretionary Function

The United States and its agents enjoy sovereign immunity from suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (collecting cases). In the Federal Tort Claims Act, the Government waived its immunity for its agents' torts. 28 U.S.C. §§ 2671–2680. But that waiver does not cover discretionary functions—that is, when a claim arises from an agent's "exercise or performance" of "a discretionary function or duty … whether or not the discretion involved be abused." § 2680(a). So such claims remain barred.

To invoke the discretionary-function exception, the Government must show two things: (1) its agent's action "involve[d] an element of judgment or choice" and (2) its agent's judgment was "of the kind that the … exception was designed to shield," meaning that it was "susceptible to policy analysis." *United States v. Gaubert*, 499 U.S. 315, 322–23, 325 (1991) (brackets and internal quotation marks omitted). Though Gergler's parents forfeited any argument on the first prong, the Government has satisfied both.

### A. Castner had discretion to urge Gergler to attend the event

First, the Government must show that the agent had discretion to act. Once the Government does so, the plaintiff may point to limits on that discretion. If a law, regulation, or policy leaves the agent no meaningful choice, the exception does not apply. *Xi v. Haugen*, 68 F.4th 824, 837–38 (3d Cir. 2023).

4

Once the Government showed that it had discretion, Gergler's parents did not try to rebut that showing before the District Court. But on appeal, they raise a Marine Corps policy that allegedly bound Castner. It requires program supervisors to tell civilian recruits that events are optional. Yet at oral argument, Gergler's parents admitted that they had forfeited this argument. They also admitted that Castner had told Gergler that the social event was optional. Plus, the policy applies only to physical events, not social gatherings like the one here. Because Castner was not bound to follow a specific course of action, he had discretion to urge Gergler to attend.

## B. Castner's discretion relates to his function of training Marine recruits

Second, the Government must show that the agent's function was discretionary. The claim must be "based upon the exercise or performance" of an agent's "discretionary function or duty." §2680(a). We look to the agent's duty and assess what discretion he needed to do it. *Berkovitz v. United States*, 486 U.S. 531, 537 (1988). If we can analyze or debate an agent's function in policy terms, we presume that the exception applies. *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 336 (3d Cir. 2012).

Castner's function was to prepare civilians for Marine Corps basic training. We can analyze that function in policy terms. And reasonable minds can differ on how to toughen up civilians for basic training. Gergler's parents think that social gatherings should not count as part of training. But the Marines need to prepare recruits for both physical and mental hardships. Social gatherings may cultivate camaraderie and create strong

5

bonds among the recruits to help them withstand the trials ahead. Interactions at such events can also reflect a recruit's drive and ability to work with others. At the very least, whether and how to encourage attending social gatherings is a debatable policy. That is enough to trigger the discretionary-function exception.

### C. No carve-out applies

Even so, Gergler's parents try to avoid the exception in two ways. First, they argue that Castner's conduct was so egregious that it goes beyond policy consideration. In support, they cite a First Circuit dictum. That court suggested that some discretionary actions might be so beyond the pale "that no reasonable observer would see them as susceptible to policy analysis." *Hajdusek v. United States*, 895 F.3d 146, 152 (1st Cir. 2018).

We decline to adopt that suggestion. Sovereign immunity is the rule. Any exception "must be unequivocally expressed" and closely cabined to what the law permits. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992) (internal quotation marks omitted). Here, Congress barred liability for discretionary functions "whether or not the discretion involved [is] abused." 28 U.S.C. § 2680(a). We cannot rewrite this language to make the Government liable for discretionary calls, even if they are egregious.

Second, Gergler's parents invoke a narrow carve-out for easy precautions. We have held that when a government agent fails to take "garden-variety remedial steps" to guard against a "specific risk" that the government was aware of, the exception does not apply. *S.R.P.*, 676 F.3d at 338. But that carve-out applies only to truly mundane problems, such as failures to

6

install lights, stairways, or railings. *Cestonaro v. United States*, 211 F.3d 749, 755–56 (3d Cir. 2000); *Gotha v. United States*, 115 F.3d 176, 181 (3d Cir. 1997). And it seems hard to justify under the language of the statute. *S.R.P.*, 676 F.3d at 347–48 (Roth, J., concurring). So though we must recognize that exception, we will not extend it further.

\* \* \* \* \*

Tyler Gergler's death was a great loss. But the question before the Court is whether the United States clearly and unequivocally waived sovereign immunity, not whether the Government's alleged conduct was wrong. The United States is immune from suit when its agents commit alleged torts within the discretion accorded by their job function, and Sergeant Castner's actions were within his discretionary function of preparing Marine recruits for training. So we must affirm.

7