**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3443

_____

SARA L. COON, Administratrix of the Estate
of Maxwell Schollenberger, and in her own right,

                                                              Appellant

v.

COUNTY OF LEBANON; JAMES HOLTRY; ERIN M.
MOYER; ROBERT J. PHILLIPS; JOSEPHINE C. AMES,
Executrix of the Estate of William E. Ames, deceased; JO
ELLEN LITZ; SCOTT SCHOLLENBERGER, JR.;
KIMBERLY MAURER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:22-cv-00322)
District Judge: Honorable Jennifer P. Wilson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 11, 2024

Before: BIBAS, MONTGOMERY-REEVES, and ROTH,
_Circuit Judges_

(Filed: August 5, 2024)

Joseph Auddino
Steven F. Marino
MARINO ASSOCIATES
301 Wharton Street
Philadelphia, PA 19147
    *Counsel for Appellant*

Frank J. Lavery, Jr.
Andrew W. Norfleet
Murray J. Weed
LAVERY LAW
225 Market Street, Suite 304
Harrisburg, PA 17101
    *Counsel for Appellees*

————————————

OPINION OF THE COURT

————————————

**BIBAS**, *Circuit Judge.*

Not every statutory duty creates a corresponding right to enforcement. A twelve-year-old boy's father and stepmother abused and killed him. His bereaved mother sued the county, arguing that it had known about the abuse and had a state-law duty to protect the boy from it. But because Pennsylvania's legislature did not create a property interest in having the county agency protect him from child abuse, the District Court properly dismissed this case.

2

## I. LEBANON COUNTY FAILS TO PROTECT MAXWELL FROM ABUSE

On this motion to dismiss, we take the complaint's factual allegations as true. In 2007, Scott Schollenberger and Sara Coon had a son, Maxwell. After a custody battle, Maxwell went to live with his father and stepmother, Kimberly Maurer.

Roughly three years later, when Scott's mother, Lorie, visited Maxwell, she saw signs of child abuse. Kimberly admitted to Lorie that she had repeatedly hit Maxwell with a metal spoon and isolated him for a long stretch. Another time, Lorie saw Maxwell's legs and buttocks bruised, swollen, and discolored. But when she tried to intervene, Scott and Kimberly cut off contact and later moved away with Maxwell to Lebanon County, Pennsylvania.

In 2015, someone warned Lorie that Maxwell was still being locked away in a room for long stretches. Armed with this information, she called the Lebanon County Children and Youth Services agency three times in two days, repeatedly telling them that she feared that Maxwell was being abused. But the county did nothing.

In 2020, Lorie's worst fears came true: Maxwell was found in a locked room in his father's house, dead. He had been beaten, neglected, starved, and dehydrated and was covered in feces. Scott and Kimberly were arrested and charged with killing him.

Sara Coon sued Lebanon County and several county officials on behalf of herself and Maxwell's estate. She asserted federal claims under 42 U.S.C. § 1983 as well as state-law ones.

But the District Court dismissed the federal claims, reasoning that Pennsylvania's Child Protective Services Law did not create a property interest in having the county agency protect Maxwell from child abuse. And it remanded the state claims to state court. Because the District Court dismissed this case on the pleadings, we review de novo. *Clark v. Sec'y of the U.S. Navy*, 102 F.4th 658, 661 (3d Cir. 2024).

## II.  PENNSYLVANIA LAW DOES NOT CREATE A PROPERTY INTEREST IN HAVING A COUNTY AGENCY PROTECT A CHILD FROM ABUSE

Due process protects people's interests in life, liberty, or property. To state a claim for violating procedural due process, Coon must allege that Lebanon County's procedures did not adequately safeguard a protected property interest. *In re Energy Future Holdings Corp.*, 949 F.3d 806, 822 (3d Cir. 2020). For a property interest to be protected, a plaintiff must show "a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Though state law creates that entitlement, whether it counts as a protected property interest depends on federal constitutional law. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756–57 (2005).

An entitlement is not a protected property interest "if government officials may grant or deny it in their discretion." *Id.* at 756. For instance, in *Castle Rock*, the Supreme Court held that Colorado law did not confer a property interest in enforcing a restraining order. *Id.* at 750–51, 756, 768. Though Colorado's statute required police to "use every reasonable means to enforce a restraining order," its mandatory phrases "shall use" or even "shall arrest" were not enough to create a property

interest. *Id.* at 758–59, 761. We have held likewise. *Burella v. City of Philadelphia*, 501 F.3d 134, 145–46 (3d Cir. 2007) (holding that "shall arrest" language in the Pennsylvania Protection from Abuse Act, 23 Pa. Cons. Stat. §6113(a), was not enough).

These precedents foreclose Coon's claim. She relies on the agency's statutory duty: after someone reports child abuse, "the county agency *shall ensure* the safety of the child." §6368(a) (emphasis added). But that is just like the mandatory language in *Castle Rock* and *Burella*, which did not suffice. As with the statute in *Burella*, this law is "silent as to whether a victim can request, much less demand," enforcement of the mandate. 501 F.3d at 145. Indeed, this mandate is even weaker than the one in *Burella*—if a county agency violates it, the victim cannot seek to penalize the agency with civil or criminal contempt. *Cf. id.* (discussing §§6113.1(a), 6114.1(a)). And the legislature said nothing about giving victims a property interest in enforcement. We cannot read its silence as speech.

\* \* \* \* \*

Though Maxwell's death was tragic, that tragedy does not change the law. County agencies have a duty under Pennsylvania law to protect children from abuse. But because nothing in that law gives victims a property right to enforce that duty, Coon cannot state a procedural-due-process claim. We will affirm the District Court's order dismissing the federal claims and remanding the state claims to state court.

5