**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1234
_____

WILLIAM J. TRENGOVE, JR.,
                                        Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-23-cv-00941)
District Judge:  Honorable Jamel Semper

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 3, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed September 17, 2024)

_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant William Trengove, Jr., appeals the District Court's order granting Appellee's motion to dismiss his complaint for lack of subject matter jurisdiction. For the following reasons, we will affirm the judgment of the District Court.

## I.

In February 2023, pro se appellant William Trengove, Jr. filed a complaint alleging that the Department of Justice ("DOJ") was negligent in failing to investigate and charge the healthcare providers that he claims were responsible for the death of his mother. Trengove contends that he presented evidence establishing that the providers were guilty of murder, but that the DOJ took no action. He sought $1 billion in damages. In response, the Government moved to dismiss the case for want of jurisdiction. The Government argued that Trengove's claims could be brought only under the Federal Tort Claims Act ("FTCA"), but that such claims were barred by the discretionary-function exception and that Trengove had not exhausted his administrative remedies as required by the FTCA. The District Court agreed and dismissed the complaint. This appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order. See Rinaldi v. United States, 904 F.3d 257, 264 (3d Cir. 2018).

## III.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994); Santos v. United States, 559 F.3d 189, 193 (3d Cir. 2009). The FTCA, which is the exclusive avenue to relief in a

2

case like this, see Vanderklok v. United States, 868 F.3d 189, 201 (3d Cir. 2017), waives the United States' immunity for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment," 28 U.S.C. § 1346(b)(1).

The FTCA's waiver of sovereign immunity, however, is limited by several exceptions. Relevant here, the waiver does not apply to tort claims arising from a federal employee's acts or omissions involving the exercise of certain discretionary duties or functions. 28 U.S.C. § 2680(a). This exception applies if the Government can show "(1) its agent's action involved an element of judgment or choice, and (2) its agent's judgment was of the kind that the exception was designed to shield, meaning that it was susceptible to policy analysis." Clark v. Sec'y of U.S. Navy, 102 F.4th 658, 661 (3d Cir. 2024) (cleaned up).

We agree with the District Court that this exception applies here. As we have previously recognized, "[t]he extent and scope of an investigation remains a matter of the agency's discretion." Baer v. United States, 722 F.3d 168, 174 (3d Cir. 2013) (quoting Gen. Pub. Utils. Corp. v. United States, 745 F.2d 239, 245 (3d Cir. 1984)); see also Bernitsky v. United States, 620 F.2d 948, 955 (3d Cir. 1980) ("Decision making as to investigation and enforcement . . . are discretionary judgments.); Kelly v. United States, 924 F.2d 355, 362 (1st Cir. 1991) ("Since decisions to investigate, or not, are at the core of law enforcement activity, the bureau chiefs' challenged conduct involved precisely the kind of policy-rooted decisionmaking that section 2680(a) was designed to safeguard."). Indeed, as the Supreme Court has stressed in a slightly different context, "an agency's

3

decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." Heckler v. Chaney, 470 U.S. 821, 831 (1985). And, while Trengove says that the DOJ acted wrongly here, this exception applies "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Accordingly, the District Court correctly concluded that the Government's sovereign immunity barred Trengove's claim.

Trengove also contends that the District Judge was biased against him because the judge had previously been employed by the DOJ. However, because he made no showing that the District Judge had any prior involvement in the incidents giving rise to the claim, recusal was not necessary. See United States v. Di Pasquale, 864 F.2d 271, 279 (3d Cir. 1988).

Accordingly, we will affirm the judgment of the District Court.